## McGinley v. Drasin, etc.

*I. R. Kremer*, for plaintiff.
*Nissenbaum & Maurer*, for defendant.

*T. M. J. Vizard,* for V. Salvznoschi.

OLIVER, P. J., September 14, 1953.—We are considering here defendant's petition for discovery under Rule 4007(*b*) of the Pennsylvania Rules of Civil Procedure. Plaintiff tenant brought an action in trespass to recover damages alleged to have resulted from water entering defendant's apartment wherein plaintiff resided. Plaintiff claims defendant was negligent in permitting the roof of the apartment to become defective, and alleges damages to certain clothing and household goods, according to a schedule incorporated in the pleadings.

Plaintiff, on at least two occasions, offered to let defendant inspect the damaged goods, but defendant declined to do so, and they were then disposed of by plaintiff.

Defendant now files a rule for discovery under rule 4007 asking for approval of interrogatories as to the value and the date and type of acquisition of each and every item damaged; in effect, a complete history of the items damaged by the alleged negligence of defendant. It is alleged that this information is necessary to prepare a prima facie defense, according to rule 4011, which imposes certain restrictions on rule 4007.

Rule 4011(c) (4) provides:

"No discovery or inspection shall be permitted which . . . (c) would disclose facts or the existence or location of tangible things, other than the identity and whereabouts of witnesses, which . . . (4) are not necessary to prepare the pleadings or prove a prima facie claims or defense of the petitioners; . . ."

Is the information sought by defendant on the subject of damages necessary to establish a prima facie defense? We think not.

The cases construing rule 4011 have generally all agreed on one proposition, and that is the concept that,

since the preliminary determination of what is or is not necessary to the proof of a prima facie claim or defense is at best an educated guess in legal definition and the boundaries are not clear, rule 4011 will be construed liberally. See Klosterman et ux. v. Clark et al., 78 D. & C. 263 (1951) ; Kuhlman Electric Co. v. Donegal Manufacturing Corp., 81 D. & C. 12 (1952) ; Regency Clothes, Inc., v. Progressive Clothes, Inc., 78 D. & C. 450 (1951).

To this extent, the courts have frequently allowed inquiry into the subject matter of damages. See especially, Regency Clothes, Inc., v. Progressive Clothes, Inc., supra.

This court agrees that rule 4011 must be construed liberally. But if it is construed too liberally, we have carried the discovery rules past their original purpose of aid to the trial process, and discovery then promotes the very evils it was intended to eliminate—delay, evasion, harassment. We must endeavor to strike the mean between these two extremes.

In this case, while it is necessary that plaintiff show damages, we do not think defendant is entitled to the detailed information he requests even though we construe rule 4011 liberally. See Nones v. Stanley Co. of America, C. P. No. 3 December term, 1952, no. 4505. Discovery was not intended to further mere inquiry into the nature of an opponent's case: Barlow v. Waples et al., 82 D. & C. 1 (1952) ; Fratkin v. Wolfe, 78 D. & C. 427 (1951). Some meaning must be given to the words of the statute, even if they are broadly construed.

Therefore, since discovery is not here necessary to enable defendant to establish a prima facie defense, the petition for discovery must be dismissed.

### Order

And now, September 14, 1953, defendant's petition for discovery is dismissed.